**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF WYOMING**

FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING

2021 MAY 24  AM 10: 56

MARGARET BOTKINS, CLERK
CASPER

KAYTLYN MARTINEZ, on behalf )
Of herself and all others similarly )
situated, )
                           )
           Plaintiff, )
                           )
vs.                          )
                           )
ROCKY MOUNTAIN RECOVERY )
SYSTEMS, INC., a corporation, )
                           )
           Defendant. )

Case No. 21 CV 101 - KHR

Judge:

---

## CLASS ACTION COMPLAINT

---

### INTRODUCTION

1. The Plaintiff, Kaytlyn Martinez ("Martinez") brings this action against Rocky Mountain Recovery Systems, Inc. ("RMRSI") for violations of the Fair Debt Collection Practices Act, 15 USC §1692, *et seq.* ("FDCPA"). The FDCPA prohibits debt collectors from engaging in abusive, deception and unfair collection practices while attempting to collect on debts.

### PARTIES

2. Martinez is a citizen of the State of Wyoming who resides within this District.

3. Plaintiff is a consumer as that term is defined by Section 1692(a)(3) of the FDCPA, in that the alleged debt that Defendant sought to collect from Martinez is a consumer debt.

4. Upon information and belief, RMRSI's principal place of business is located within this District.

1

5. RMRSI is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

6. RMRSI is a "debt collector" as that term is defined by the FDCPA, 15 USC §1692(a)(6).

7. This Court has federal question jurisdiction under 15 USC §1692k(d) and 28 USC §1331.

8. Venue is proper in this district pursuant to 28 USC §1391(b), as the acts and transactions that give rise to this action occurred, in substantial part, in this district.

## ALLEGATIONS PARTICULAR TO MARTINEZ

9. On or about August 14, 2014, Martinez underwent a medical procedure at West Park Hospital District, now known as Cody Regional Health.

10. Upon admission into the hospital, Martinez executed a document acknowledging that some of the healthcare providers are not employees of the Hospital and may separately bill for the services rendered.

11. Since Martinez did not have any insurance which covered the treatment she received, the Hospital billed Martinez directly.

12. When Martinez did not pay the Hospital, the Hospital allegedly "assigned" its accounts involving Martinez to the Defendant.

13. During the course of the collection process, RMRSI asserted that it was the "owner" and/or "assignor" of the debt.

14. Upon information and belief, Plaintiff believes that RMRSI paid no valid consideration for the assignment of the debt.

15. RMRSI further acknowledges that if a negotiated settlement is reached, it seeks the consent of the initial provider prior to accepting a reduced negotiated amount.

16. When RMRSI was unable to collect from Martinez, it initiated litigation in its own name, asserting it was the real party in interest of the debt.   That matter is pending in Big Horn County, Wyoming's circuit court and is set for trial on June 30, 2021.  That action was filed by the Defendant in Big Horn County Circuit Court Case Number CV-2020-0102 on December 10, 2020.

17. Upon information and belief, Martinez believes that RMRSI never paid any consideration for the alleged assignment at the time of the assignment.

18. Instead, the real party in interest at all times remains the initial provider of services.

19. Further, RMRSI effectively engages in the unauthorized practice of law because it sues in its own name but on behalf of the real party in interest who is the initial provider of services.

20. Representing that you are the owner of a debt which in fact you do not own is a violation of 15 U.S.C. §§ 1692e, 1692f.

21. Taking a debt by assignment where in fact RMRSI takes only bare legal title and effectively acts in a principal-agent relationship, thereby engaging in the unauthorized practice of law when it sues on the debt in its own name is a violation of 15 USC §1692e(5).

22. As a direct and proximate result of RMRSI's violation of the FDCPA, Martinez has been damaged including the need to defend against an action initiated by the

Defendant, thereby impairing her credit rating, and subjecting the Plaintiff to
court costs and attorney fees.

## CLASS ALLEGATIONS

23. This action is brought as a class action.  Martinez brings this action on behalf of
herself and on behalf of all other persons similarly situated pursuant to Rule 23 of
the Federal Rules of Civil Procedure.

24. The identities of all class members are readily ascertainable from the records of
RMRSI and those business and other entities on whose behalf it attempts to
collect debts.

25. Excluded from the Plaintiff's class is the Defendant and all officers, members,
partners, managers, directors, and employees of RMRSI, and all of their
respective immediate families, and legal counsel for all parties to this action and
all members of their immediate families.

26. There are questions of law and fact common to the Plaintiff's Class, which
common issues predominate over any issues involving only individual class
members.  The principal issues are whether the Defendant's obtained ownership
of the debt and whether the Defendant engaged in the unauthorized practice of
law, both in violation of the FDCPA.

27. The Plaintiff will fairly and adequately protect the interests of the Plaintiff's Class
defined in this complaint.  The Plaintiff has retained counsel with experience in
handling consumer lawsuits, complex legal issues, and class actions, and neither
the Plaintiff nor her attorneys have any interests, which might cause them not to
vigorously pursue this action.

4

28. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

    (a) Numerosity:  The Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff's Class defined above is so numerous that joinder of all members would be impractical.

    (b) Common Questions Predominate:  Common questions of law and fact exist as to all members of the Plaintiff's Class and those questions predominate over any questions or issues involving only individual class members  The principal issues are whether RMRSI was the real owner of the debts and whether RMRSI engaged in the unauthorized practice law both in violation of the FDCPA.

    (c) Typicality.  The Plaintiff's claims are typical of the claims of the class members.  Plaintiff and all members of the Plaintiff's class defined in this complaint have claims arising out of RMRSI's common uniform course of conduct complained of herein.

    (d) Adequacy.  The Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are adverse to the absent class members.  The Plaintiff is committed to vigorously litigating this matter.  Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions.  Neither the Plaintiff nor her counsel have any interests, which might cause them not to vigorously pursue the instant class action lawsuit.

(e) <u>Superiority</u>.  A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable.  Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without necessary duplication of effort and expense that individual actions would engender.  Certification of a class under Rule 23(b)(I)(A) of the Federal Rules of Civil Procedure is appropriate because adjudication s with respect to individual members create a risk of inconsistent or varying adjudications which could establish incompatible standards of conduct for Defendant, who, one information and belief, collects debts throughout the State of Wyoming.

29. Certification of a class under Rule 23(b)(2) of the Federal Rules of Civil Procedure is also appropriate in that a determination that the above stated claims, violate provisions of the FDCPA and is tantamount to declaratory relief and any monetary relief under the FDCPA would be merely incidental to that determination.

30. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff's Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

31. Further, Defendant has acted, or failed to act, on grounds generally applicable to the Rule (b)(l)(A) and (b)(2) Class, thereby making appropriate final injunctive relief with respect to the Class as a whole.

32. Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify one or more classes only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## FIRST CAUSE OF ACTION

### Violations of the Fair Debt Collection Practices Act brought by Plaintiff on behalf of herself and the members of a class, as against the Defendant.

33. The Plaintiff realleges paragraphs one through thirty two as if fully set forth herein by this reference.

34. This cause of action is brought on behalf of the Plaintiff and the members of the class.

35. The class involves all individuals whom Defendant's records reflect were subject to RMRSI's attempts to collect debts in its own name under the guise that said debts had been assigned to RMRSI when no consideration was paid at the time of the assignment and/or when no consideration had been paid at the time of the collection efforts by RMRSI and those individuals whom Defendant's records reflect were sued by RMRSI in the name of RMRSI when RMRSI owned nothing more than bare legal title to the debt with the initial holder of the debt remaining the equitable owner thereof, thus resulting in RMRSI engaging in the unauthorized practice of law, both types of collection efforts in violation of 15 USC §§1692e and 1692f.

36. As a direct and proximate result of these violations of the FDCPA, the Plaintiff class members have been damaged in an amount to be proven at trial including but not limited to actual damages, statutory damages, impairment and disparagement of their credit, costs and attorney fees.

WHEREFORE, Plaintiff respectfully requests this Court enter preliminary and permanent injunctive relief, and that this Court enter judgment in Plaintiff's favor and against the Defendant and award damages as follows:

(a) Statutory damages provided under the FDCPA, 15 USC §1692(k);

(b) Actual damages;

(c) Damage for impairment to credit;

(d) Attorney fees, litigation expenses, and costs incurred in bringing this action; and

(e) Any other relief that this Court deems appropriate and just under the circumstances.

DATED this 20th day of May, 2021.

Seth Shumaker, WSB 6-3818
2 N. Main, Ste. 103
Sheridan, WY 82801
307/675-1233
307/675-1235 (fax)
sheridanwyolaw@gmail.com
Attorney for Plaintiff

8