**Bret T Allred**
117 N Bent St, Powell, WY 82435
Telephone: 307-271-1034
Email: bret@YellowstoneLawGroup.com
*For the Defendant*

---

### IN THE UNITED STATES DISTRICT COURT
### DISTRICT OF WYOMING

| | |
|---|---|
| KAYTLYN WILSON MARTINEZ<br>*Plaintiff*,<br>-vs-<br>ROCKY MOUNTAIN RECOVERY SYSTEMS, INC.,<br>A Wyoming Corporation,<br>*Defendant.* | Civil Action No: 21-CV-101-KHR<br><br>**DEFENDANT'S, ROCKY MOUNTAIN RECOVERY SYSTEMS, INC., MEMORANDUM IN SUPPORT OF MOTION TO DISMISS** |

**I.   ISSUE**

Does Plaintiff's previously filed parallel state court claim against the Defendant, which is substantially the same (if not identical) to her claim filed herein create a countervailing interest that justifies the federal court to refuse to extend jurisdiction and dismiss this case

**II.   APPLICABLE LAW**

   STATUTES:
   a.   15 U.S.C. § 1692e   …………………………………………….   2, 4
   b.   15 U.S.C. § 1692f   …………………………………………….   2, 4
   c.   28 U.S.C. § 1367(a)   …………………………………………….   6
   d.   28 U.S.C. § 1441(a)   …………………………………………….   2, 7
   e.   28 U.S.C. § 1446(b)   …………………………………………….   3, 5, 6, 7

   RULES:
   f.   Fed.R.Civ.P. 12(b)(1)   …………………….………....……….   1

   CASES:
   g.   *CNSP, Inc. v. City of Santa Fe*,
         753 Fed.Appx. 584 (10th Cir. 2018)   ……………………..   3, 4, 5
   h.   *Colorado River Water Conservation District v. United States*,
         96 S.Ct. 1236 (1976)   ……………………………….....…   4

      i.   *Fox v. Maulding*,
           16 F.3d 1079 (10th Cir. 1994)   ……………………....……   3, 5
      j.   *Macintyre v. JP Morgan Chase Bank*,
           644 Fed.Appx. 806 (10th Cir. 2016)   ……………………….   3, 4, 5

## III.   FACTS

The Plaintiff, Kaytlyn Wilson Martinez ("**Ms. Martinez**"), received medical services from a hospital without paying which resulted in the hospital's claim for damages. See <u>Exhibit A</u>, ¶¶ 9 through 12. The Defendant, Rocky Mountain Recovery Systems, Inc. ("**RMRS**I") then engaged in the collection of the debt as assignee of the claim from the hospital.

On December 10, 2020, RMRSI filed suit in the Wyoming Circuit Court seeking a judgment against Ms. Martinez and Matthew Martinez. See <u>Exhibit A</u>, ¶ 16. On or about December 23, 2020, Ms. Martinez and Matthew Martinez filed an answer and counterclaim seeking damages under 15 U.S.C §§ 1692e & 1692f by averring that RMRSI asserted it was the owner of the debt and initiated the instant litigation in its own name without paying consideration for the assignment thereof, resulting in the unauthorized practice of law. See <u>Exhibit B</u>, ¶¶ 12, 13, 15, and 17. Pleadings were then answered and amended, initial disclosures exchanged, and a case management hearing held. See <u>Exhibit C, D, E, F, & G.</u>

On or after February 15, 2021, Ms. Martinez filed in the state court a motion to remove the case to federal court. See <u>Exhibit H.</u> No procedural rules or statutes governing removal were cited in the motion. RMRSI traversed the motion under 28 U.S.C. § 1441(a) by citing to procedural defects including failure to file the motion in federal court within 30 days of service of the complaint as required by 28 U.S.C. § 1446(b). See <u>Exhibit I.</u> A hearing was held on the motion and the state court issued an order denying removal on procedural grounds and noting that state

courts have jurisdiction to hear federal fair debt collection practices act ("**FDCPA**") claims under 15 U.S.C. §1692k(d).  See Exhibit J.  Thereafter litigation continued and Ms. Martinez served discovery to which RMRSI responded and RMRSI served discovery to which Ms. Martinez responded.  See Exhibit K, L, M, & N.

On June 12, 2021, RMRSI was served with the complaint filed in this matter by Ms. Martinez.  The federal complaint contains the same claims for relief under the same averred facts as her state court counterclaim.  See Exhibit A, ¶¶ 13, 14, 16, and 19.  RMRSI responded by filing a motion to dismiss under the Colorado Rivers Doctrine.

IV.   **STANDARD OF REVIEW**

Upon a defendant's challenge to federal jurisdiction under the Colorado Rivers Doctrine the 10th Circuit has stated that "[w]e review the district court's dismissal under Colorado River for an abuse of discretion." *Macintyre v. JP Morgan Chase Bank*, 644 Fed.Appx. 806 at 807 (10th Cir. 2016).   When dismissing a case the district court must disclose "its findings about the parallel nature of the state and federal proceedings and the balance of the factors on the record." *Fox v. Maulding*, 16 F.3d 1079 at 1369 (10th Cir. 1994).  "We also exercise our discretion to take judicial notice of publicly-filed records in our court and certain other courts concerning matters that bear directly upon the disposition of the case at hand." *CNSP, Inc. v. City of Santa Fe*, 753 Fed.Appx. 584 at 585 (10th Cir. 2018) (Internal citations and quotations omitted).

V.   **ANALYSIS**

    a.   The Colorado River Doctrine.

The Colorado Rivers doctrine originated in the Supreme Court when it recognized instances in which a federal court may abstain from extending jurisdiction when substantially

similar litigation is pending in state court. *Colorado River Water Conservation District v. United States,* 96 S.Ct. 1236 (1976). The doctrine has evolved into a two part test in the 10th Circuit: "[A] federal court must first determine whether parallel state and federal proceedings exist. If they do, the court considers, under the particular circumstances, whether it is appropriate to defer to the state court proceedings." *Macintyre v. JP Morgan Chase Bank,* 644 Fed.Appx. 806 at 807 (10th Cir. 2016) (Internal quotations and citations omitted). While there may be many reasons for a federal court to abstain from hearing a claim, the 10th Circuit has made clear that "the avoidance of duplicative litigation— is at the core of the Colorado River doctrine." *CNSP, Inc. v. City of Santa Fe*, 753 Fed.Appx. 584 at 588 (10th Cir. 2018) (internal quotations and citations omitted).

      b.     <u>First Prong: Parallel state and federal proceedings.</u>

In the 10th Circuit "[s]uits are parallel if substantially the same parties litigate substantially the same issues in different forums [and] [p]roceedings may be parallel even if they are far from identical." *Id*. at 588 & 589 (internal quotations omitted). First, parallel suits require "substantially the same parties." RMRSI is both the counter-defendant in the state court proceeding and the defendant in this proceeding. Kaytlyn Wilson Martinez is both a co-counterclaimant in the state court proceeding and the plaintiff in this proceeding. The only other named party in the parallel suits is Matthew Martinez who joined Ms. Martinez in her state counterclaim and who is a member of the uncertified class named in the federal complaint. The first prong of the test has been met with the parties in the two suits being substantially the same if not identical.

To be parallel suits the issues being litigated must be substantially the same. Both Ms. Martinez's federal complaint and state counterclaim seek damages under 15 U.S.C §§ 1692e & 1692f arising from the exact same set of alleged facts. The 10th Circuit's definition of "parallel"

cases encompasses variances between the claims in the two suits, but the identical nature of the claims in these suits are far from those boundaries and easily fulfill the "parallel" requirement.

      c.      <u>Second Prong: Whether appropriate to defer to the state proceedings.</u>

The Court has authority to deny jurisdiction if it would "clearly serve an important countervailing interest…." *Id.* at 588. "A nonexclusive list of factors that courts should use in making this determination [include]: (1) whether either court has assumed jurisdiction over property; (2) the inconvenience of the federal forum; (3) the desirability of avoiding piecemeal litigation . . . (4) the order in which the courts obtained jurisdiction[;] . . . . [(5)] the vexatious or reactive nature of either the federal or the state action[; (6)] whether federal law provides the rule of decision[;] and [(7)] the adequacy of the state court action to protect the federal plaintiff's rights." *Macintyre v. JP Morgan Chase Bank,* 644 Fed.Appx. 806 at 807 (10th Cir. 2016). "No single factor is dispositive [and] the weight to be given to any one factor may vary greatly from case to case, depending on the particular setting of the case. *Fox v. Maulding*, 16 F.3d 1079 at 1082 (10th Cir. 1994).

1. <u>Whether either court has assumed jurisdiction over property?</u>

The claim in this case is for damages resulting from alleged violations of federal law and does not involve the In Rem jurisdiction of either state or federal court making the first factor inapplicable.

2. <u>The inconvenience of the federal forum.</u>

If Ms. Martinez would have refrained from filing her state counterclaim and instead filed it as a claim in federal court while seeking to remove the state proceedings within the time restraints of 28 U.S.C. § 1446(b) the federal forum would be convenient for all parties. However, Ms. Martinez

chose to litigate her claim in state court in which the parties have filed pleadings, amended pleadings, disclosures, motions, and traverses as well as attended hearings including a case management conference. Litigating the same claim in federal court at this time would be substantially inconvenient to RMRSI by requiring it to duplicate its filings, increase its costs, and delay adjudication without meaningful justification. It would nullify months of time and effort spent litigating this matter in state court.

3. <u>The desirability of avoiding piecemeal litigation.</u>

The avoidance of "piecemeal litigation" promotes efficiency and judicial economy while avoiding inconsistent decisions. A federal court has supplemental jurisdiction of claims that "form part of the same case or controversy…" See 28 U.S.C. § 1367(a). However, jurisdiction can be lost if the case is not removed within 30 days of the date of service under 28 U.S.C. § 1446(b). This would result in a bifurcated proceeding. RMRSI's claim in state court requires a determination of assignment which is the same issue upon which Ms. Martinez's federal claim pivots. A bifurcated proceeding may result in contradicting decisions. Allowing the same issue to be decided from the same facts in separate courts is also inefficient and contrary to judicial economy policies designed to avoid needless expenditures of finite judicial resources.

4. <u>The order in which the courts obtained jurisdiction.</u>

Service of the Ms. Martinez's state court counterclaim was complete on December 23, 2020, which was almost six complete months before her complaint was served upon RMRSI in this matter.

/

/

5. <u>The vexatious or reactive nature of either the federal or the state action.</u>

The filing of this suit in federal court comes from Ms. Martinez's reaction to the state courts order denying her motion to remove to federal court. She was denied relief by the state court and is using this court to relitigate the state court's order. The motion was defective in that it was not filed in federal court under 28 U.S.C. § 1441(a) and within 30 days following service of the complaint (See 28 U.S.C. § 1446(b)). If this federal case were allowed to continue it would nullify the state court's ruling turning this court into an appellate court for which it lacks jurisdiction.

6. <u>Whether federal law provides the rule of decision.</u>

Ms. Martinez's claim is under federal law, however the alleged violation of federal law pivots on a determination of Wyoming State Law governing assignment and what constitutes consideration for such an assignment making the "rule of decision" primarily governed by state law. There are no complex issues of federal law that would justify the extension of federal subject matter jurisdiction to this litigation. Additionally, this duplicative suit complicates otherwise simple and straightforward claims with jurisdictional issues that would have been avoided if Ms. Martinez would have continued to litigate her claim in state court as originally filed.

7. <u>The adequacy of the state court action to protect the federal plaintiff's rights.</u>

Ms. Martinez does not gain any procedural advantages or protection to her rights by removing this case to federal court. Enforcement of a judgment entered in state court could be equally as enforceable against the RMRSI which is a Wyoming corporation, doing business in Wyoming and with offices and employees in Wyoming.

/

/

## VI. SUMMARY

Federal district courts have an obligation to hear cases dealing with federal question litigation, however in certain cases the extension of jurisdiction should be refused to avoid vexatious litigation. Ms. Martinez has acted in bad faith by first choosing to prosecute her FDCPA claim in state court then, after substantial litigation, file the same claim in this court resulting in needless duplications in time expenditures and costs to RMRSI and wasting valuable state judicial resources. A dismissal of this case is the minimum that this court can do to protect RMRSI and punish Ms. Martinez for her complaint's incomplete disclosure of the posture of this case misleading this court and wasting valuable judicial resources.

**DATED** this 29th day of June 2021.

Bret T. Allred; 6-3835;
For Defendant

## CERTIFICATE OF SERVICE

I, Bret T. Allred, certify that on this 30th day of June 2021 I caused a copy of the above document to be served upon the Defendants by depositing the same with this U.S. Postal Service and addressed as follows:

Kaytlyn Martinez
ATTN: Seth Shumaker
2 N. Main, Ste. 103
Sheridan WY 82801

Bret T. Allred