## IN THE CIRCUIT COURT OF THE FIFTH JUDICIAL DISTRICT WITHIN AND FOR BIG HORN COUNTY, WYOMING

| | |
|---|---|
| ROCKY MOUNTAIN RECOVERY SYSTEMS, INC., | ) Civil Action No._____ |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| KAYTLYN WILSON MARTINEZ and MATTHEW MARTINEZ, | ) |
| | ) |
| Defendant. | ) |
| | ) |
| KAYTLYN WILSON MARTINEZ and MATTHEW MARTINEZ, | ) |
| | ) |
| Counterclaimants, | ) |
| | ) |
| vs. | ) |
| | ) |
| ROCKY MOUNTAIN RECOVERY SYSTEMS INC., a Wyoming Corporation, | ) |
| | ) |
| Counterclaim Defendant. | ) |

## DEFENDANTS' ANSWER TO COMPLAINT AND COUNTERCLAIM

COME NOW the Defendants and who, for their Answer to Complaint and Counterclaim, state:

### FIRST AFFIRMATIVE DEFENSE

Plaintiff fails to state a claim for which relief can be granted.

### ANSWER TO PLEADING ON THE MERITS

1. Defendants are without sufficient information to admit or deny paragraph one (1) of Plaintiff's Complaint and therefore, deny the same.

2. Defendants are without sufficient information or belief to admit or deny paragraph two (2) and therefore, deny the same.

1

3.      Defendants deny paragraph three (3).

4.      Defendants deny paragraph four (4).

5.      Defendants deny paragraph five (5).

6.      Defendants deny paragraph six (6).

7.      Defendants deny paragraph seven (7).

8.      Defendants deny paragraph eight (8).

9.      Defendants deny paragraph nine (9).

10.     Defendants deny paragraph ten (10).

11.     Defendants deny paragraph eleven (11).

12.     Defendants deny paragraph twelve (12).

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims may be barred in whole or in part due to the Plaintiff not being the real party in interest.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims may be barred in whole or in part because the Plaintiff lacks standing.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims may be barred in whole or in part because the Plaintiff did not pay consideration for any alleged assignment.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims may be barred in whole or in part because of the ambiguity of the Complaint.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims may be barred in whole or in part because the Plaintiff is not the legal owner of the accounts and therefore has no right to sue.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims may be barred in whole or in part because the Plaintiff did not state the date the contract was entered into, the date when products or services were allegedly purchased by the Defendants, nor the date when payments, if any, were made.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims may be barred in whole or in part because the Plaintiff did not state the date when the contract was allegedly breached by the Defendants.

### NINTH AFFIRMATIVE DEFENSE

Plaintiffs claims may be barred in whole or in part because the Plaintiff failed to adequately describe the material terms of the contract nor attach a copy of the contract of the Complaint.

### TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims may be barred in whole or in part because one or more of the applicable statutes of limitations may have expired.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims may be barred in whole or in part because the Plaintiff or its predecessor engaged in laches.

### TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's claims may be barred in whole or in pat because the Plaintiff or its predecessor was the first party in breach of said contract, if any.

### THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims may be barred in whole or in part because the Plaintiff or its predecessor may have unilaterally altered the terms of the contract, if any.

### FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims may be barred in whole or in part because the Plaintiff and/or its predecessor failed to provide credit for payments, if any, made by the Defendants.

### FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims may be barred in whole or in part because the Plaintiff and/or its predecessor breached the covenant of good faith and fair dealing, thereby depriving the Defendants for the benefits of the contract, if any.

### SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims may be barred in whole or in part because the Defendants did not breach the contract, if any.

### SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims may be barred in whole or in part because the alleged debt may have been discharged in bankruptcy petitioned for by one or more of the Defendants.

### EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims may be barred in whole or in part because the Plaintiff and/or its predecessor failed to mitigate its damages.

### NINETEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims may be barred in whole or in part because the Defendants had no contractual relationship with the Plaintiff and therefore there is a lack of privity between the parties.

### TWENTIETH AFFIRMATIVE DEFENSE

4

Plaintiff's claims may be barred in whole or in part because the Plaintiff and/or its predecessor waived the requested relief.

### TWENTY FIRST AFFIRMATIVE DEFENSE

Plaintiff's claims may be barred in whole or in part because the relief requested may be barred by the doctrine of equitable estoppel.

### TWENTY SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims may be barred in whole or in part because the relief requested violates the Statute of Frauds.

### TWENTY THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims may be barred in whole or in part because the relief requested will violation the Parol Evidence Rule.

### TWENTY FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims may be barred in whole or in part because the debt, if any, has already been satisfied.

### TWENTY FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims may be barred in whole or in part because the Plaintiff and/or its predecessor prevented performance by the Defendants.

### TWENTY SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims may be barred in whole or in part because the Plaintiff and/or its predecessor anticipatorily repudiated the contract, if any.

### TWENTY SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims may be barred in whole or in part because the Plaintiff and/or its predecessor may have rescinded the contract, if any.

**TWENTY EIGHTH AFFIRMATIVE DEFENSE**

Plaintiff's claims may be barred in whole or in part because of lack of consideration.

**TWENTY NINTH AFFIRMATIVE DEFENSE**

Plaintiff's claims may be barred in whole or in part because of the failure of consideration.

**THIRTIETH AFFIRMATIVE DEFENSE**

Plaintiff's claims may be barred in whole or in part because the Plaintiff has not suffered any damages.

**THIRTY FIRST AFFIRMATIVE DEFENSE**

Plaintiff's claims may be barred in whole or in part because the Plaintiff and/or its predecessor has unclean hands.

**THIRTY SECOND AFFIRMATIVE DEFENSE**

Plaintiff's claims may be barred in whole or in part because the Plaintiff's conduct is a violation of 15 UY.S.C. 1692e, 1692.

**THIRTY THIRD AFFIRMATIVE DEFENSE**

Plaintiff's claims may be barred in whole or in part because the Plaintiff's conduct is a violation of 15 U.S.C. 1692e(5).

**THIRTY FOURTH AFFIRMATIVE DEFENSE**

Plaintiff's claims may be barred in whole or in part because the affirmative defenses which are set forth in Wyoming rules of Civil Procedure, including but not limited to:  accord and satisfaction; arbitration and award; assumption of risk; contributory negligence; duress; discharge in bankruptcy; estoppel; failure of

consideration; fraud; illegality; injury by fellow servant; laches; license; payment; release; res judicata; statute of frauds; statute of limitations; and waiver.

### THIRTY FIFTH AFFIRMATIVE DEFENSE

The parties have not engaged in discovery and therefore the Defendants reserve the right to amend their Answer to add additional affirmative defenses based on the evidence obtained in discovery.

### THIRTY SIXTH AFFIRMATIVE DEFENSE

The Defendants were not married to each other at the time the Plaintiff alleges that Defendant Kaytlyn Wilson Martinez incurred any debt alleged herein, therefore Defendant Matthew Martinez is not liable to Plaintiff therefor.

**WHEREFORE**, the Plaintiff should take nothing by way of its Complaint which should be dismissed with prejudice and the Defendants should be awarded their costs and attorney fees for having to defend against this action.

### COUNTERCLAIM

1.      The Counterclaimants bring this action against the Plaintiff for violations of the Fair Debt Collection Practices Act, 15 U.S.C. 1692, et seq. ("FDCPA"). The FDCPA prohibits debt collectors from engaging in abusive, deception and unfair collection practices while attempting to collect on debts.

### PARTIES

2.      Counterclaimants are citizens of the State of Wyoming who reside within this District.

3.      Counterclaimants are consumers as that term is defined by Section 1692(a)(3) of the FDCPA, in that the alleged debt that Defendants sought to collect from Counterclaimants is a consumer debt.

4.      Upon information and belief, Plaintiff's principal place of business is located within the State of Wyoming.

5.      Plaintiff is regularly engaged, for profit, in the collection of debts allegedly owned by consumers.

6.      Plaintiff is a debt collector as that term is defined by the FDCPA, 15 U.S.C. 1692(a)(6).

7.      The Federal District Court has federal question jurisdiction under 15 U.S.C. 1692k(d) and 28 U.S.C. 1331.

8.      Venue is proper in this district pursuant to 28 U.S.C. 1392(b), as the acts and transactions that give rise to this action occurred, in substantial part, in this district.

## ALLEGATIONS PARTICULAR TO COUNTERCLAIMANTS

9.      Counterclaimants purchased certain products and materials from the underlying creditor who allegedly assigned the Debt to Plaintiff.

10.     During the course of the transactions, the underlying creditor consigned certain products and materials to the Counterclaimants, thereafter recalling the consigned products which did not sell.

11.     When the Counterclaimants did not pay, the delinquent account was allegedly "assigned" to the Plaintiff.

12.     During the course of the collection practices, Plaintiff asserted that it was the "owner" of the debt.

13.    Plaintiff admits that it pays no consideration for the assignment of the debt.

14.    Plaintiff further acknowledges that if a negotiated settlement is reached, it seeks the consent of the initial provider prior to accepting a reduced negotiated amount.

15.    When Plaintiff is unable to collect from the Counterclaimants, it initiated the instant litigation in its own name, asserting it was the owner of the debt.

16.    Because Plaintiff pays no consideration for the alleged assignment, the real party in interest at all times remains the initial provider of products and services.

17.    Further, Plaintiff effectively engages in unauthorized practice of law because it sues in its own name but on behalf of the real party in interest who is the initial provider of services.

18.    Representing that you are the owner of a debt which in fact you do not own is a violation of 15 U.S.C. 1692e, 1692f.

19.    Taking a debt by assignment where in fact Plaintiff takes only bare legal title and effectively acts in a principal-agent relationship, thereby engaging in the unauthorized practice of law when it sues on the debt in its own name is a violation of 15 U.S.C. 1592e(5).

20.    As a direct and proximate result of Plaintiff's violation of the FDCPA, Counterclaimants have been damaged including having Plaintiff a judgment entered against Counterclaimants, impairing their credit rating, costs and attorney fees.

### FIRST CAUSE OF ACTION

21.    Plaintiffs reallege paragraphs one through twenty as if fully set forth herein by this reference.

22.    This cause of action is brought on behalf of the Counterclaimants.

23.    Counterclaimants are persons who have been subjected to Plaintiff's attempts to collect debts in its own name under the guise that said debts had been assigned to Plaintiff when no consideration was paid at the time of the assignment and/or when no consideration had been paid at the time of the collection efforts by Plaintiff, thus resulting in Plaintiff engaging in the unauthorized practice of law, both types of collection efforts in violation of 15 U.S.C. 1692e and 1692f.

24.    As a direct and proximate result of these violations of the FDCPA, the Counterclaimants have been damaged in an amount to be proven at trial including but not limited to actual damages, statutory damages, impairment and disparagement of their credit, costs and attorney fees.

**WHEREFORE**, Counterclaimants respectfully request this Court enter a preliminary and permanent injunctive relief, and that this Court enter judgment in Counterclaimant's favor and against Plaintiff and award damages as follow:

a.    Statutory damages provided under the FDCPA, 15 U.S.C.. 1692(k);

b.    Actual damages;

c.    Damage for impairment to credit;

d.    Attorney fees, litigation expenses, and costs incurred in bringing this action; and

e.    Any other relief that this Court deems appropriate and just under the circumstances.

DATED this 23 day of December, 2020.

Seth Shumaker, WSB 6-3818
2 N. Main, Ste. 103
Sheridan, WY 82801
307/675-1233
307/675-1235 (fax)
sheridanwyolaw@gmail.com
Attorney or Defendants and Counterclaimants

CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing document was this 23 day of December, 2020, forwarded to the persons listed below in the manner indicated:

Bret Allred                          ( ✓ )   By U.S. Mail, Postage Prepaid
Wilkerson & Wilkerson, LLC           (  )    By Facsimile Transmission
210 N. Bent St.                      (  )    By Overnight Courier
Powell, WY 82435                     (  )    By Hand Delivery
Attorney for Plaintiff               (  )    By Email

Seth Shumaker