## IN THE WYOMING CIRCUIT COURT
## FIFTH JUDICIAL DISTRICT
355 East 5th St, Lovell WY 82431

| | |
|---|---|
| ROCKY MOUNTAIN RECOVERY SYSTEMS, INC., A Wyoming Corporation,<br><br>                                              *Plaintiff,*<br>-vs-<br><br>KAYTLYN WILSON MARTINEZ,<br><br>                                              *Defendant,*<br><br>MATTHEW MARTINEZ<br><br>                                              *Co-Defendant.* | Civil Action No: CV-2020-0102 |
| KAYTLYN WILSON MARTINEZ and MATTHEW MARTINEZ<br><br>                                              *Counterclaimants,*<br><br>ROCKY MOUNTAIN RECOVERY SYSTEMS, INC., A Wyoming Corporation,<br><br>                                              *Counter Defendant.* | **COUNTER DEFENDANT'S ANSWER TO COUNTERCLAIM** |

**COMES NOW** Rocky Mountain Recovery Systems, Inc. ("**RMRSI**") through counsel and responds, answers, alleges, and objects to the Counterclaimants' Counterclaim as follows:

1. Paragraph 1 is a statement of law not fact which does not require an answer, however if an answer were required RMRSI admits that 15 U.S.C. 1692 et seq. is known as the federal Fair Debt Collection Practices Act and denies the remainder by affirmatively stating that the purpose of the act is "… *to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.*" (Emphasis added). See 15 U.S.C. 1692(e).

2. RMRSI admits paragraph 2.

3. RMRSI admits paragraph 3.

4. RMRSI admits paragraph 4.

5. RMRSI denies paragraph 5.

6. RMRSI admits paragraph 6.

7. Paragraph 7 is an interpretation of law not an averment of fact requiring an answer.

8. RMRSI admits that venue is proper before this Court and denies the balance of the averments contained in paragraph 8.

9. Paragraph 9 is overly broad and vague, however if it states that Kaytlyn Martinez and a minor child of both Counterclaimants received certain goods and services from West Park Hospital, which is now known as Cody Regional Health, and that Cody Regional Health assigned its statutory, contractual, and quasicontractual claims for damages relating to said services and goods to RMRSI, RMRSI admits the same. RMRSI denies the balance of the averments contained in paragraph 9.

10. RMRSI is without knowledge of the averments contained in paragraph 10 and accordingly denies the same.

11. Paragraph 11 is overly vague, however if it states that Cody Regional Hospital assigned certain claims for damages to RMRSI, RMRSI admits the same, and all other averments contained therein are denied.

12. RMRSI is without knowledge of the averments contained in paragraph 12 and accordingly denies the same.

13. RMRSI denies paragraph 13.

14. The averments contained in paragraph 14 are overly broad and misstate RMRSI's general collection practices, so RMRSI denies the same.

15. Paragraph 15 speculates that RMRSI is not able to collect from the Counterclaimants and is not a statement of fact, so no answer is required. RMRSI admits the portion of paragraph 15 which indicates RMRSI filed and served the complaint contained in the above-captioned civil action number and that RMRSI is named as the plaintiff. RMRSI affirmatively states that it took assignment of certain claims for damages from Cody Regional Health but denies that RMRSI identified itself as the "owner of the debt" in its complaint.

16. Paragraph 16 is a conclusion of law not an averment of fact requiring an answer, however to the extend said paragraph can be interpreted to contain an averment of fact RMRSI denies the same.

17. Paragraph 17, as understood by RMRSI, is a conclusion of law not an averment of fact requiring an answer. However, to the extent said paragraph can be interpreted to contain averments of fact RMRSI admits that it named itself at the plaintiff in the above-captioned litigation and denies the remainder.

18. Paragraph 18 is a conclusion of law not an averment of fact requiring an answer, however to the extent said paragraph can be interpreted to contain averments of fact RMRSI denies the same.

19. Paragraph 19 is a conclusion of law not an averment of fact requiring an answer, however to the extent said paragraph can be interpreted to contain averments of fact RMRSI denies the same.

20. Paragraph 20 contains significant typographical errors requiring RMRSI to speculate as to its meaning and therefore RMRSI denies the same.

21. Paragraph 21 is a recitation by reference of previous averments and is admitted and denied as previously stated herein.

22. As pertaining to paragraph 22, RMRSI admits that a counterclaim has been made by the Counterclaimants but denies they have a cause of action.

23. As pertaining to paragraph 23, RMRSI admits that the counterclaimants are persons and RMRSI has attempted to collect debts from them but denies that the assignments of the claims contained in its complaint were without the exchange of consideration and violated 15 U.S.C. 1692e & 1692f.

24. RMRSI denies paragraph 24.

25. RMRSI reserves the right to amend these answers as information and facts are discovered throughout the litigation process.

26. All other averments contained within the Counterclaim not expressly and specifically admitted herein are denied.

## AFFIRMATIVE DEFENSES

27. Even if all the facts contained within the Counterclaimants Counterclaim are true it fails to state a claim upon which relief can be granted.

**WHEREFORE** RMRSI prays that the court deny counterclaimants' counterclaims, that they take nothing thereby and that the court grant in favor of RMRSI and against the counterclaimants as prayed for in the complaint.

**DATED** this 8th day of January 2021.

Bret T. Allred; 6-3835; acting of counsel for
**WILKERSON & WILKERSON LLC**
210 N Bent St. Powell WY 82435
Phone: 307-754-8215
Attorneys for Plaintiff/Counter Defendant

## CERTIFICATE OF SERVICE

I, Bret T. Allred, certify that on this 8th day of January 2021 I caused a copy of the above document to be served upon the Defendants/Counterclaimants by depositing the same with this U.S. Postal Service and addressed as follows:

Kaytlyn Martinez and Matthew Martinez
ATTN: Seth Shumaker
2 N. Main, Ste. 103
Sheridan WY 82801

Bret T. Allred