# IN THE WYOMING CIRCUIT COURT
## FIFTH JUDICIAL DISTRICT
355 East 5th St, Lovell WY 82431

| | |
|---|---|
| ROCKY MOUNTAIN RECOVERY SYSTEMS, INC., A Wyoming Corporation,<br>*Plaintiff,*<br><br>-vs-<br><br>KAYTLYN WILSON MARTINEZ,<br>*Defendant,*<br><br>MATTHEW MARTINEZ<br>*Co-Defendant.* | Civil Action No: CV-2020-0102 |
| KAYTLYN WILSON MARTINEZ and MATTHEW MARTINEZ<br>*Counterclaimants,*<br><br>ROCKY MOUNTAIN RECOVERY SYSTEMS, INC., A Wyoming Corporation,<br>*Counter Defendant.* | **PLAINTIFF'S FIRST AMENDED COMPLAINT** |

**COMES NOW** Rocky Mountain Recovery Systems, Inc. ("**RMRSI**") through counsel and for its cause of action against Kaytlyn Wilson Martinez, formerly known as Kaytlyn Wilson (hereinafter "**Kaytlyn**") and Matthew Martinez (hereinafter "**Matthew**") hereby states the following and incorporates all exhibits by reference for all purposes:

## FACTS COMMON TO ALL COUNTS

1. RMRSI is a corporation licensed to do business in the State of Wyoming with a primary office located in Powell, Wyoming.

2. RMRSI's prayer for recovery is limited to an amount not exceeding fifty thousand dollars ($50,000.00), exclusive of court costs placing this action within the subject matter jurisdiction of this Court (*See W.S § 5-9-128(a)(i)*).

3. Upon information and belief venue is proper in this court as both the defendants reside or may be summoned in Big Horn County, Wyoming. *See W.S § 1-5-108*.

4. Interest has accumulated on all claims identified in this complaint at the rate of seven percent (7%) per annum which is the statutory rate or a reduction of the contractual rate.

5. Prior to filing this action RMRSI made good faith attempts to collect its claims identified in this complaint.

6. On March 2, 2012 RMRSI and West Park Hospital District, which is now known as Cody Regional Health (hereinafter "**Hospital**"), entered into a binding agreement, supported by consideration, for the assignment of claims for services and care from the Hospital to RMRSI (hereinafter "**Assignment Agreement**").

7. The claims contained in this complaint were assigned from the Hospital to RMRSI under the terms of the Assignment Agreement.

8. A copy of the Assignment Agreement is attached hereto as Exhibit "0" (3 pages).

## COUNT 1

9. RMRSI restates paragraphs 1 through 8 as if fully set forth herein.

10. On August 14, 2014 Kaytlyn was pregnant and needed, requested, and received from the Hospital emergency medical service and care relating to the delivery.

11. The document attached hereto as Exhibit "1A" (*1 page*) is a copy of the Hospital's agreement with Kaytlyn which she signed on August 14, 2014.

12. The Hospital provided medical services and goods to Kaytlyn and her baby on the dates of August 14, 2014 through August 17, 2014 (hereinafter "**1st Pregnancy Services**").

13. The Document attached hereto as <u>Exhibit "1B"</u> (*3 pages*) identifies the dates and types of medical services and care provided to Kaytlyn and her baby for 1st Pregnancy Services as well as the Hospital's regularly established charges for said services.

14. Blue Cross Blue Shield insurance company paid $ 7,176.76 as partial payment for the 1st Pregnancy Services leaving a remaining balance due of $2,376.16 after the Hospital reduced the charges by adjustments.

15. Kaytlyn has not paid the balance of $2,376.16 for 1st Pregnancy Services which remains due and owing.

## COUNT 2

16. RMRSI restates paragraphs 1 through 8 as if fully set forth herein.

17. Between the dates of June 26, 2015 and January 19, 2016 Kaytlyn was pregnant with an unborn child (hereinafter "H.M.").

18. H.M.'s father is Matthew.

19. On June 26, 2015 and October 28, 2015 Kaytlyn received medical services and care from the Hospital that benefited H.M.

20. The two documents attached hereto as <u>Exhibit "2A"</u> (*1 page each*) are copies of the Hospital's agreements with Kaytlyn which she signed on June 26, 2015 and October 28, 2015.

21. On January 18, 2016 through January 20, 2016 Kaytlyn needed, requested, and received emergency medical service and care from the Hospital relating to the delivery, benefit, and wellbeing of H.M.

22. The document attached hereto as <u>Exhibit "2B"</u> (*1 page*) is a copy of the Hospital's agreement with Kaytlyn which she signed on January 18, 2016.

23. All of the services and care provided to Kaytlyn and/or H.M. on June 26, 2015, October 28, 2015 and January 18, 2016 through January 20, 2016 (hereinafter "**2nd Pregnancy Services**") were necessary expenses for the health, safety and general welfare of H.M.

24. The Documents attached hereto as Exhibit "2C" (9 pages) identify the dates and types of medical services and care provided to Kaytlyn and/or H.M. for 2nd Pregnancy Services as well as the Hospital's regularly established charges for said services.

25. Kaytlyn and Matthew have not paid the charges of the Hospital for the 2nd Pregnancy Services and the amount of $17,318.06 remains due and owing.

## CLAIM 3

26. RMRSI restates paragraphs 1 through 8 as if fully set forth herein.

27. On March 3, 2016 Kaytlyn needed, requested, and received medical services and care from the Hospital (hereinafter "**Winter Services**").

28. The Document attached hereto as Exhibit "3A" (1 *pages*) identifies the dates and types of medical services and care provided to Kaytlyn for Winter Services as well as the Hospital's regularly established charges for said services.

29. Kaytlyn has not paid the charges for the Winter Services and the amount of $303.75 remains due and owing.

## CLAIM 4

30. RMRSI restates paragraphs 1 through 8 as if fully set forth herein.

31. On April 11, 2016, May 25, 2016, June 3, 2016, and June 6, 2016 Kaytlyn needed, requested, and received medical services and care from the Hospital (hereinafter "**Spring Services**").

32. The services and care provided to Kaytlyn by the Hospital on June 3, 2016 were related to an emergency.

33. The document attached hereto as Exhibit "4A" (*1 page*) is a copy of the Hospital's agreement with Kaytlyn which she signed on May 25, 2016.

34. The Document attached hereto as Exhibit "4B" (1 pages) identifies the dates and types of medical services and care provided by the Hospital to Kaytlyn for Spring Services as well as the Hospital's regularly established charge for said services.

35. Kaytlyn has not paid the charges of the Hospital for Spring Services and the amount of $3,974.25 remains due and owing.

## CLAIM 5

36. RMRSI restates paragraphs 1 through 8 as if fully set forth herein.

37. On September 8, 2016 Kaytlyn needed, requested, and received emergency medical services and care from the Hospital (hereinafter "**Fall Services**").

38. The Document attached hereto as Exhibit "5" (2 *pages*) identifies the dates and types of medical services and care provided by the Hospital to Kaytlyn for Fall Services as well as the Hospital's regularly established charges for said services.

39. Kaytlyn has not paid the charges of the Hospital for these services and care and the amount of $971.20 remains due and owing.

**WHEREFORE** RMRSI prays for a judgment in favor of the Plaintiff and against the Defendant, **Kaytlyn Wilson Martinez**, for Count 1, Count 3, Court 4, and Count 5 in the amount of **$7,625.36** plus accrued and future interest.

**WHEREFORE** RMRSI prays for a judgment in favor of the Plaintiff and against the Defendants, **Kaytlyn Wilson Martinez and Matthew Martinez**, jointly and severally for Count

2 in the amount of **$17,318.06** plus accrued and future attorney fees, accrued and future interest, court filing fee, process server fee, and future costs as allowed by law.

**DATED** this 3rd day of February 2021.

                                        Bret T. Allred; 6-3835; acting of counsel for
                                        **WILKERSON & WILKERSON LLC**
                                        210 N Bent St. Powell WY 82435
                                        Phone: 307-754-8215
                                        Attorneys for Plaintiff/Counter Defendant

## CERTIFICATE OF SERVICE

I, Bret T. Allred, certify that on this 3rd day of February 2021 I caused a copy of the above document to be served upon the Defendants/Counterclaimants by depositing the same with this U.S. Postal Service and addressed as follows:

    Kaytlyn Martinez and Matthew Martinez
    ATTN: Seth Shumaker
    2 N. Main, Ste. 103
    Sheridan WY 82801

                                          Bret T. Allred