**IN THE WYOMING CIRCUIT COURT**
**FIFTH JUDICIAL DISTRICT**
355 East 5th St, Lovell WY 82431

| | |
|---|---|
| ROCKY MOUNTAIN RECOVERY SYSTEMS, INC., A Wyoming Corporation,<br><br>*Plaintiff,*<br><br>-vs-<br><br>KAYTLYN WILSON MARTINEZ,<br><br>*Defendant,*<br><br>MATTHEW MARTINEZ<br><br>*Co-Defendant.* | Civil Action No: CV-2020-0102 |
| KAYTLYN WILSON MARTINEZ and MATTHEW MARTINEZ<br><br>*Counterclaimants,*<br><br>ROCKY MOUNTAIN RECOVERY SYSTEMS, INC., A Wyoming Corporation,<br><br>*Counter Defendant.* | **PLAINTIFF'S TRAVERSE TO MOTION TO REMOVE CASE TO FEDERAL DISTRICT COURT** |

**COMES NOW** Rocky Mountain Recovery Systems, Inc. ("**Counter Defendant**") through counsel, traverse and oppose the Counterclaimants' motion to remove case to the federal district court by stating as follows:

1. All parties reside or can be sued within the state of Wyoming therefore diversity jurisdiction in federal court does not exist.

2. All of the claims contained in the original complaint and amended complaint are based in Wyoming State law.

3. Other than a reference to a nonexistent code section of 15 USC 1592e(5) contained in paragraph 19 of the counterclaim the only federal claim averred by Counterclaimants in their counterclaim arises under the federal Fair Debt Collections Act ("**FDCPA**"), 15 U.S.C. 1692 et seq.

4. The FDCPA grants concurrent jurisdiction to federal and state courts. See 15 U.S.C. 1692k(d). See also, Peterson v United Accounts, Inc., 638 F.2d 1134 (8th Cir. 1981) "... on 15 U.S.C. § 1692k(d) of the FDCPA, which provides for concurrent state-federal jurisdiction..."

5. Counterclaimants' claim under the FDCPA is independent to the claims made against them in the complaint and amended complaint and could have been originally filed in the federal District Court, but it was the Counterclaimants that chose to bring the claim as a counterclaim in the state court therefore waiving their right to have the action removed to federal court.

6. 28 U.S.C 1441(a) gives only the defendant the right to remove the action to the federal court which translates to the Counter Defendant in this matter not the Counterclaimants.

7. Even if the Counterclaimants had the right to remove the case to the federal court, they are barred from doing so under 28 U.S.C. 1446(b) which requires the notice of removal to be filed within 30 days of service of the original pleading (Complaint originally served December 2, 2020 for both Counterclaimants).

**WHEREFORE** Counter Defendant prays the court deny Counterclaimants' motion to remove the case to federal District Court.

**DATED** this 22nd day of February 2021.

Bret T. Allred; 6-3835; acting of counsel for
WILKERSON & WILKERSON LLC
210 N Bent St. Powell WY 82435
Phone: 307-754-8215
Attorneys for Plaintiff/Counter Defendant

## CERTIFICATE OF SERVICE

I, Bret T. Allred, certify that on this 23rd day of February 2021 I caused a copy of the above document to be served upon the Defendants/Counterclaimants by depositing the same with this U.S. Postal Service and addressed as follows:

Kaytlyn Martinez and Matthew Martinez
ATTN: Seth Shumaker
2 N. Main, Ste. 103
Sheridan WY 82801

Bret T. Allred