# IN THE CIRCUIT COURT OF THE FIFTH JUDICIAL DISCTRICT WITHIN AND FOR BIG HORN COUNTY WYOMING

ROCKY MOUNTAIN RECOVERY
SYSTEMS, INC.

       Plaintiff )    CV-2020-0102 L

vs. )

KAYTLYN WILSON MARTINEZ and )
MATTHEW MARTINEZ )

       Defendants )

KAYTLYN WILSON MARTINEZ and )
MATTHEW MARTINEZ )

       Counterclaimants, )

vs. )

ROCKY MOUNTAIN RECOVERY )
SYSTEMS, INC. )

       Counterclaim Defendant )
)
)

## PLAINTIFF'S FIRST SET OF REQUESTS FOR ADMISSION DIRECTED TO KAYTLYN WILSON MARTINEZ

**COMES NOW** the Plaintiff by and through its attorney, and hereby requests that you admit or deny the statements below. Rule 36 requires responses served within 30 days.

The rules of civil procedure allow this Plaintiff to make these requests for admission regarding any matters that relate to <u>opinions of fact</u>, the <u>application of law to fact</u>, and the <u>genuineness of any documents</u>. If you can deny only part of the statement you shall specify the part that is true and deny the remainder. <u>You may not give lack of information or knowledge as a reason for failure to admit or deny</u> unless you state that you have made <u>reasonable inquiry</u> and that the information known or readily obtainable is insufficient to enable you to admit or deny. If you consider that the statement presents a genuine issue for trial <u>you may not</u>, on that ground alone, object to the request. (See W.R.C.P. 36).

## <u>CODY REGIONAL HEALTH formerly WEST PARK HOSPITAL CLAIM 1</u>

1. You have no reason to dispute that the attached billing statement marked **Exhibit "1B"** accurately reflects the dates and times CODY REGIONAL HEALTH formerly WEST PARK HOSPITAL (hereinafter referred to as the "**Service Provider**") expended time and/or cost to perform a task, labor, service, or sale of goods to someone in general (hereinafter referred to as "**Services**").

    Answer:


2. The charges for the Services indicated on Exhibit "1B" are the regularly established charges of the Service Provider.

    Answer:


3. The Services were rendered directly to you and your minor child.

    Answer:


4. The Services were rendered at your request.

    Answer:


5. You benefited directly from the Services.

    Answer:


6. The Services contributed to the health, safety or general welfare of yourself and your immediate family.

    Answer:


7. The Service Provider performed the Services properly.

    Answer:


8. You have no reason to dispute that the Service Provider performed the Services in accordance with industry standards.

    Answer:


9. You have no reason to dispute that the Service Provider expected to be compensated for rendering the Services.

    Answer:

10. The charges for the Services reflected on Exhibit "1B" are fair and reasonable.

      Answer:

11. You have no reason to dispute that the charges for the Services reflected on Exhibit "1B" are consistent with industry standards for the area in which the Services were performed.

      Answer:

12. The payments or credits deducted from the amount claimed for the Services that are reflected on Exhibit "1B," if any, are the only payments made to, or received by, the Service Provider for the Services.

      Answer:

13. The Plaintiff has received the no payments from you or anyone as compensation for the Services.

      Answer:

14. Before or at the time the services were rendered you agreed to the terms and conditions contained on the attached document marked **Exhibit "1A"**.

      Answer:

15. You have no reason to doubt that the signature contained on Exhibit "1A" was affixed to the original document by your hand or the hand of your agent and represents an informed agreement between you and the Service Provider.

      Answer:

16. You are contractually obligated to pay the Plaintiff's reasonable attorney fees accrued in this matter.

      Answer:

17. You are obligated to pay the court costs and service of process fees incurred in this matter in addition to, and separately from, the principal balance due.

      Answer:

## CODY REGIONAL HEALTH formerly WEST PARK HOSPITAL CLAIM 2

18. You have no reason to dispute that the attached billing statement marked **Exhibit "2B"** accurately reflects the dates and times CODY REGIONAL HEALTH formerly WEST PARK HOSPITAL

(hereinafter referred to as the "**Service Provider**") expended time and/or cost to perform a task, labor, service, or sale of goods to someone in general (hereinafter referred to as "**Services**").

Answer:

19. The charges for the Services indicated on Exhibit "2B" are the regularly established charges of the Service Provider.

Answer:

20. The Services were rendered directly to you and your minor child.

Answer:

21. The Services were rendered at your request.

Answer:

22. You benefited directly from the Services.

Answer:

23. The Services contributed to the health, safety or general welfare of yourself and your immediate family.

Answer:

24. The Service Provider performed the Services properly.

Answer:

25. You have no reason to dispute that the Service Provider performed the Services in accordance with industry standards.

Answer:

26. You have no reason to dispute that the Service Provider expected to be compensated for rendering the Services.

Answer:

27. The charges for the Services reflected on Exhibit "2B" are fair and reasonable.

Answer:

28. You have no reason to dispute that the charges for the Services reflected on Exhibit "2B" are consistent with industry standards for the area in which the Services were performed.

      Answer:

29. The payments or credits deducted from the amount claimed for the Services that are reflected on Exhibit "2B," if any, are the only payments made to, or received by, the Service Provider for the Services.

      Answer:

30. The Plaintiff has received the no payments from you or anyone as compensation for the Services.

      Answer:

31. Before or at the time the services were rendered you agreed to the terms and conditions contained on the attached document marked **Exhibit "2A"**.

      Answer:

32. You have no reason to doubt that the signature contained on Exhibit "2A" was affixed to the original document by your hand or the hand of your agent and represents an informed agreement between you and the Service Provider.

      Answer:

33. You are contractually obligated to pay the Plaintiff's reasonable attorney fees accrued in this matter.

      Answer:

34. You are obligated to pay the court costs and service of process fees incurred in this matter in addition to, and separately from, the principal balance due.

      Answer:

## CODY REGIONAL HEALTH formerly WEST PARK HOSPITAL CLAIM 3

35. You have no reason to dispute that the attached billing statement marked **Exhibit "3A"** accurately reflects the dates and times CODY REGIONAL HEALTH formerly WEST PARK HOSPITAL (hereinafter referred to as the "**Service Provider**") expended time and/or cost to perform a task, labor, service, or sale of goods to someone in general (hereinafter referred to as "**Services**").

      Answer:

36. The charges for the Services indicated on Exhibit "3A" are the regularly established charges of the Service Provider.

      Answer:

37. The Services were rendered directly to you.

      Answer:

38. The Services were rendered at your request.

      Answer:

39. You benefited directly from the Services.

      Answer:

40. The Services contributed to the health, safety or general welfare of yourself.

      Answer:

41. The Service Provider performed the Services properly.

      Answer:

42. You have no reason to dispute that the Service Provider performed the Services in accordance with industry standards.

      Answer:

43. You have no reason to dispute that the Service Provider expected to be compensated for rendering the Services.

      Answer:

44. The charges for the Services reflected on Exhibit "3A" are fair and reasonable.

      Answer:

45. You have no reason to dispute that the charges for the Services reflected on Exhibit "3A" are consistent with industry standards for the area in which the Services were performed.

      Answer:

46. The payments or credits deducted from the amount claimed for the Services that are reflected on Exhibit "3A," if any, are the only payments made to, or received by, the Service Provider for the Services.

      Answer:

47. The Plaintiff has received the no payments from you or anyone as compensation for the Services.

      Answer:

## CODY REGIONAL HEALTH formerly WEST PARK HOSPITAL CLAIM 4

48. You have no reason to dispute that the attached billing statement marked **Exhibit "4B"** accurately reflects the dates and times CODY REGIONAL HEALTH formerly WEST PARK HOSPITAL (hereinafter referred to as the **"Service Provider"**) expended time and/or cost to perform a task, labor, service, or sale of goods to someone in general (hereinafter referred to as **"Services"**).

    Answer:

49. The charges for the Services indicated on Exhibit "4B" are the regularly established charges of the Service Provider.

    Answer:

50. The Services were rendered directly to you.

    Answer:

51. The Services were rendered at your request.

    Answer:

52. You benefited directly from the Services.

    Answer:

53. The Services contributed to the health, safety or general welfare of yourself.

    Answer:

54. The Service Provider performed the Services properly.

    Answer:

55. You have no reason to dispute that the Service Provider performed the Services in accordance with industry standards.

    Answer:

56. You have no reason to dispute that the Service Provider expected to be compensated for rendering the Services.

    Answer:

57. The charges for the Services reflected on Exhibit "4B" are fair and reasonable.

    Answer:

58. You have no reason to dispute that the charges for the Services reflected on Exhibit "4B" are consistent with industry standards for the area in which the Services were performed.

    Answer:

59. The payments or credits deducted from the amount claimed for the Services that are reflected on Exhibit "4B," if any, are the only payments made to, or received by, the Service Provider for the Services.

    Answer:

60. The Plaintiff has received the no payments from you or anyone as compensation for the Services.

    Answer:

61. Before or at the time the services were rendered you agreed to the terms and conditions contained on the attached document marked **Exhibit "4A"**.

    Answer:

62. You have no reason to doubt that the signature contained on Exhibit "4A" was affixed to the original document by your hand or the hand of your agent and represents an informed agreement between you and the Service Provider.

    Answer:

63. You are contractually obligated to pay the Plaintiff's reasonable attorney fees accrued in this matter.

    Answer:

64. You are obligated to pay the court costs and service of process fees incurred in this matter in addition to, and separately from, the principal balance due.

    Answer:

## CODY REGIONAL HEALTH formerly WEST PARK HOSPITAL CLAIM 5

65. You have no reason to dispute that the attached billing statement marked **Exhibit "5"** accurately reflects the dates and times CODY REGIONAL HEALTH formerly WEST PARK HOSPITAL

(hereinafter referred to as the "**Service Provider**") expended time and/or cost to perform a task, labor, service, or sale of goods to someone in general (hereinafter referred to as "**Services**").

Answer:

66. The charges for the Services indicated on Exhibit "5" are the regularly established charges of the Service Provider.

Answer:

67. The Services were rendered directly to you.

Answer:

68. The Services were rendered at your request.

Answer:

69. You benefited directly from the Services.

Answer:

70. The Services contributed to the health, safety or general welfare of yourself.

Answer:

71. The Service Provider performed the Services properly.

Answer:

72. You have no reason to dispute that the Service Provider performed the Services in accordance with industry standards.

Answer:

73. You have no reason to dispute that the Service Provider expected to be compensated for rendering the Services.

Answer:

74. The charges for the Services reflected on Exhibit "5" are fair and reasonable.

Answer:

75. You have no reason to dispute that the charges for the Services reflected on Exhibit "5" are consistent with industry standards for the area in which the Services were performed.

     Answer:

76. The payments or credits deducted from the amount claimed for the Services that are reflected on Exhibit "5," if any, are the only payments made to, or received by, the Service Provider for the Services.

     Answer:

77. The Plaintiff has received the no payments from you or anyone as compensation for the Services.

     Answer:

DATED this _____ day of May, 2021.

                                     Bret T. Allred WSB#: 6-3835 (of counsel)
                                     WILKERSON & WILKERSON LLC
                                     210 N Bent Street, Powell, WY 82435
                                     Telephone No.: 307-754-8215
                                     *Firm representing Plaintiff*

## CERTIFICATE OF SERVICE

The Undersigned hereby certifies that a true and correct copy of the foregoing document was served upon the proper party by depositing the same in the US Mail, duly enveloped postage prepaid, this _____ day of May, 2021, addressed to:

          KAYTLYN WILSON MARTINEZ
          ATTN: ATTY SETH SHUMAKER
          2 N MAIN ST E 103
          SHERIDAN WY 82801

                              Bret T. Allred

# IN THE CIRCUIT COURT OF THE FIFTH JUDICIAL DISCTRICT
## WITHIN AND FOR BIG HORN COUNTY WYOMING

ROCKY MOUNTAIN RECOVERY
SYSTEMS, INC.

       Plaintiff

vs.

KAYTLYN WILSON MARTINEZ and
MATTHEW MARTINEZ

       Defendants

KAYTLYN WILSON MARTINEZ and
MATTHEW MARTINEZ

       Counterclaimants,

vs.

ROCKY MOUNTAIN RECOVERY
SYSTEMS, INC.

       Counterclaim Defendant

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

CV-2020-0102 L

## PLAINTIFF'S FIRST SET OF INTERROGATORIES
## DIRECTED TO KAYTLYN WILSON MARTINEZ

COMES NOW the Plaintiff by and through its attorney, and hereby requests that you answer each question separately and fully in writing under oath. Rule 33 of the Rules of Civil Procedure requires responses within 30 days.

1. If you believe you should not be liable altogether for Plaintiff's claim indicate in detail any facts that you believe shield you from such liability.

    Answer:

2. If you believe you should be liable for only a portion of Plaintiff's claim identify the portions of the claim you agree to pay and detail any facts that you believe shield you from liability for the other disputed portions of the claim.

    Answer:

3. Describe in detail how the services or sale of goods which are the subject of Plaintiff's claim (hereinafter referred to as "**Services**") benefited you, your spouse and/or your minor children.

   Answer:

4. Describe in detail any mistakes you believe the service provider who assigned its claim for Services to the Plaintiff (hereinafter referred to as "**Service Provider**") made in rendering the services and identify where you received this information.

   Answer:

5. Identify and name, work title, age, height, weight, hair color, hair style, ethnicity, body type and gender or anyone working for the Service Provider or the Plaintiff who made any statements upon which you relied upon before, during or after the Services, the exact words used in the statement, how the statement was communicated (*Ex. in person, telephone, letter, etc.*), when the statement was made (*time and date*), and where the statement was made.

   Answer:

6. If you believe someone other than yourself should pay for the Services please state that person's name, address, telephone number and an explanation why that person is responsible to pay for the Services.

   Answer:

DATED this ___5___ day of May, 2021.

                                Bret T. Allred WSB#: 6-3835 (of counsel)
                                WILKERSON & WILKERSON LLC
                                210 N Bent Street, Powell, WY 82435
                                Telephone No.: 307-754-8215
                                *Firm representing Plaintiff*

CERTIFICATE OF SERVICE

   The Undersigned hereby certifies that a true and correct copy of the foregoing document was served upon the proper party by depositing the same in the US Mail, duly enveloped postage prepaid, this ___5___ day of May, 2021, addressed to: KAYTLYN WILSON MARTINEZ ATTN: ATTY SETH SHUMAKER 2 N MAIN ST E 103 SHERIDAN WY 82801.

                                Bret T. Allred

*Plaintiff's First Set of Requests for Admission*
*Rocky Mountain Recovery Systems, Inc. Vs. Kaytlyn Wilson Martinez and Matthew Martinez*
*Civil Action No. CV- 2020-0102  RMR 187813*

# IN THE CIRCUIT COURT OF THE FIFTH JUDICIAL DISCTRICT WITHIN AND FOR BIG HORN COUNTY WYOMING

ROCKY MOUNTAIN RECOVERY
SYSTEMS, INC.
      Plaintiff         )  CV-2020-0102 L
vs.                 )
KAYTLYN WILSON MARTINEZ and   )
MATTHEW MARTINEZ       )
     Defendants        )
KAYTLYN WILSON MARTINEZ and   )
MATTHEW MARTINEZ       )
                 )
      Counterclaimants,     )
vs.                 )
ROCKY MOUNTAIN RECOVERY    )
SYSTEMS, INC.         )
     Counterclaim Defendant

## PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS DIRECTED TO KAYTLYN WILSON MARTINEZ

COMES NOW the Plaintiff by and through its attorney, and hereby requests that you deliver or otherwise produce the documents designated herein within 30 days pursuant to Rule 34 of the Wyoming Rules of Civil Procedure.:

1. If the services rendered to you, your spouse and/or your minor children which are the subject matter of this litigation (hereinafter referred to as "**Services**") were not performed correctly or suffered from any other defects produce all documents related to action taken by you to fix or otherwise remedy the alleged defects in the Services.

   Answer:


2. If you believe that you are not responsible for paying for the Services because of your insurance company's duty to pay, produce a copy of your written agreement between you and the insurance company.

   Answer:


3. If you believe you were divorced at the time of the Services if the Services were rendered to your ex-spouse, please provide a court stamped and signed copy of your divorce decree.

   Answer:

4. If you allege to have made partial or full payment for the Services please provide any documentation of that payment including bank statements, copies of checks or money orders, and receipts

     Answer:

5. If you allege that you did not sign an agreement from the Service Provider, please provide copies your signed drivers license and tax returns.

     Answer:

DATED this _5_ day of ~~April~~ May, 2021.

                    Bret T. Allred WSB#: 6-3835 (of counsel)
                    WILKERSON & WILKERSON LLC
                    210 N Bent Street, Powell, WY 82435
                    Telephone No.: 307-754-8215
                    *Firm representing Plaintiff*

## CERTIFICATE OF SERVICE

     The Undersigned hereby certifies that a true and correct copy of the foregoing document was served upon the proper party by depositing the same in the US Mail, duly enveloped postage prepaid, this _5_ day of ~~April~~ May, 2021, addressed to:

          KAYTLYN WILSON MARTINEZ
          ATTN: ATTY SETH SHUMAKER
          2 N MAIN ST E 103
          SHERIDAN WY 82801

          Bret T. Allred