## IN THE CIRCUIT COURT OF THE FIFTH JUDICIAL DISTRICT WITHIN AND FOR BIG HORN COUNTY, WYOMING

| | |
|---|---|
| ROCKY MOUNTAIN RECOVERY SYSTEMS, INC., | ) CV-2020-0102 |
| Plaintiff, | ) |
| vs. | ) |
| KAYTLYN WILSON MARTINEZ and MATTHEW MARTINEZ, | ) |
| Defendant. | ) |
| KAYTLYN WILSON MARTINEZ and MATTHEW MARTINEZ, | ) |
| Counterclaimants, | ) |
| vs. | ) |
| ROCKY MOUNTAIN RECOVERY SYSTEMS INC., a Wyoming Corporation, | ) |
| Counterclaim Defendant. | ) |

## DEFENDANT'S RESPONSES TO PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODCUTION OF DOCUMENTS DIRECTED TO KAYTLYN WILSON MARTINEZ

COMES NOW the Defendant, Kaytlyn Wilson Martinez, and for her Responses to Plaintiff's First Set of Requests for Production of Documents Directed to her, states:

1.      If the services rendered to you, your spouse and/or your minor children which are the subject matter of this litigation (hereinafter referred to as "Services") were not performed correctly or suffered from any other defects to produce all documents related to action taken by you to fix or otherwise remedy the alleged defects in the Services.

       Answer:      Defendant does not possess any such documentation.

2.      If you believe that you are not responsible for paying for the Servies because of your insurance company's duty to pay, produce a coy of your written agreement between you and the insurance company.

Answer:  Defendant is in the process of obtaining such documentation.  She will produce it when it is received.

3.      If you believe you were divorced at the time of the Services if the Services were rendered to your ex-spouse, please provide a court stamped and signed copy of your divorce decree.

Answer:  Please see the attached.

4.      If you allege to have made partial or full payment for the Services please provide any documentation of that payment including bank statement, copies of checks or money orders, and receipts.

Answer:  Defendant does not possess any such documentation.

5.      If you allege that you did not sign an agreement from the Service Provider, please provide copies of your signed drivers license and tax return.

Answer:      Not applicable.

DATED this 20th day of May, 2021.


Seth Shumaker, WSB 6-3818
2 N. Main, Ste. 103
Sheridan, WY  82801
307/675-1233
307/675-1235 (fax)
sheridanwyolaw@gmail.com
Attorney or Defendants and Counterclaimants

2

CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing document was this 25 day of May, 2021, forwarded to the persons listed below in the manner indicated:

Bret Allred                         (✓)    By U.S. Mail, Postage Prepaid
Wilkerson & Wilkerson, LLC          ( )    By Facsimile Transmission
210 N. Bent St.                     ( )    By Overnight Courier
Powell, WY  82435                   ( )    By Hand Delivery
Attorney for Plaintiff              (✓)    By Email

Seth Shumaker

**IN THE CIRCUIT COURT OF THE FIFTH JUDICIAL DISTRICT WITHIN
AND FOR BIG HORN COUNTY, WYOMING**

| | |
|---|---|
| ROCKY MOUNTAIN RECOVERY SYSTEMS, INC., | ) CV-2020-0102 |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| KAYTLYN WILSON MARTINEZ and MATTHEW MARTINEZ, | ) |
| | ) |
| Defendant. | ) |
| | ) |
| KAYTLYN WILSON MARTINEZ and MATTHEW MARTINEZ, | ) |
| | ) |
| Counterclaimants, | ) |
| | ) |
| vs. | ) |
| | ) |
| ROCKY MOUNTAIN RECOVERY SYSTEMS INC., a Wyoming Corporation, | ) |
| | ) |
| Counterclaim Defendant. | ) |

**DEFENDANT'S RESPONSES TO PLAINTIFF'S FIRST SET OF REQUESTS
FOR ADMISSION DIRECTED TO KAYTLYN WILSON MARTINEZ**

COME NOW the Defendant, Kaytlyn Wilson Martinez, and for her Responses to

Plaintiff's First Set of Requests for Admission Directed to her, states:

1.      You have no reason to dispute that the attached billing statement marked Exhibit

"1B" accurately reflects the dates and times CODY REGIONAL HEALTH formerly

WEST PARK HOSPITAL (hereinafter referred to as the "service Provider") expended

time and/or costs to perform a task, labor, service or sale of goods to someone in general

(hereinafter referred to as "Services").

Answer:  Admit

1

2.      The charges for the Services indicated on Exhibit "1B" are the regularly established charges of the Service Provider.

      Answer:  Admit

3.      The Services were rendered directly to you and your minor child.

      Answer:  Admit

4.      The Services were rendered at your request.

      Answer:  Admit

5.      You benefited directly from the Services

      Answer:  Admit

6.      The Services contributed to the health, safety or general welfare of yourself and your immediate family.

      Answer:  Admit

7.      The Service Provider performed the Services properly.

      Answer:  Admit

8.      You have no reason to dispute that the Service Provider performed the Services in accordance with industry standards

      Answer:  Admit

9.      You have no reason to dispute that the Service Provider expected to be compensated for rendering the Services.

      Answer:  Admit

10.     The charges for the Services reflected on Exhibit "1B" are fair and reasonable.

      Answer:  Admit

11.     You have no reason to dispute that the charges for the Services reflected on Exhibit "1B" are consistent with industry standards for the area in which the Services were performed.

      Answer:  Admit

12.     The payment or credits deducted from the amount claimed for the Services that are reflected on Exhibit "1B," if any, are the only payments made to, or received by, the Service Provider for the Services.

      Answer:  Admit

13.     The Plaintiff has received the no payments from you or anyone as compensation for the Services.

      Answer:  Admit

14.     Before or at the time the services were rendered you agree d to the terms and conditions contained on the attached document marked Exhibit "1A."

      Answer:  Admit

15.     You have no reason to doubt that the signature contained on Exhibit "1A" was affixed to the original document by your hand or the hand of your agent and represents an informed agreement between you and the Service Provider.

      Answer:  Admit

16.     You are contractually obligated to pay the Plaintiff's reasonable attorney fees accrued in this matter.

      Answer:  Deny

17.     You are obligated to pay the court costs and service of process fees incurred in this matter in addition to, and separately from, the principal balance due.

     Answer:  Deny


## CODY REGIONAL HEALTH formerly WEST PARK HOSPITAL CLAIM 2

18.     You have no reason to dispute that the attached billing statement marked Exhibit "2B" accurately reflects the dates and times CODY REGIONAL HEALTH formerly WEST PARK HOSPITAL (hereinafter referred to as the "Service Provider") expended time and/or costs to perform a task, labor, service, or sale of goods to someone in general (hereinafter referred to as "Services").

     Answer:  Admit

19.     The charges for the Services indicated on Exhibit "2B" are the regularly established charges of the Service Provider.

     Answer:  Admit

20.     The Services were rendered directly to you and your minor child.

     Answer:  Admit

21.     The Services were rendered at your request.

     Answer:  Admit

22.     You benefited directly from the Services.

     Answer:  Admit

23.     The Services contributed to the health, safety or general welfare of yourself and your immediate family.

     Answer:  Admit

24.    The Service Provider performed the Services properly.

      Answer:  Admit

25.    You have no reason to dispute that the Service Provider performed the Services in accordance with industry standards.

      Answer:  Admit

26.    You have no reason to dispute that the Service Provider expected to be compensated for the rendering the Services.

      Answer:  Admit

27.    The charges for the Services reflected on Exhibit "2B" are fair and reasonable.

      Answer:  Admit

28.    You have no reason to dispute that the charges for the Services reflected on Exhibit "2B" are consistent with industry standards for the area in which the Services were performed.

      Answer:  Admit

29.    The payments or credits deducted from the amount claimed for the Services that are reflected on Exhibit "2B," if any, are the only payments made to, or received by, the Service Provider for the Services.

      Answer:  Admit

30.    The Plaintiff has received the no payments from you or anyone as compensation for the Services.

      Answer:  Admit

31.    Before or at the time the services were rendered you agreed to the terms and conditions on the attached document marked Exhibit "2A."

Answer:  Admit

32.    You have no reason to doubt that the signature contained on Exhibit "2A" was affixed to the original document by your hand or the hand of your agent and represents an informed agreement between you and the Service Provider.

Answer:  Admit

33.    you are contractually obligated to pay the Plaintiff's reasonable attorney fees accrued in this matter.

Answer:  Deny.

34.    you are obligated to pay the court costs and service of process fees incurred in this matter in addition to, and separately from, the principal balance due.

Answer:  Deny.

### CODY REGIONAL HEALTH formerly WEST PARK HOSPITAL CLAIM 3

35.    You have no reason to dispute that the attached billing statement marked Exhibit "3A" accurately reflects the dates and times CODY REGIONAL HEALTH formerly WEST PARK HOSPITAL (hereinafter referred to as the "service Provider") expended time and/or costs to perform a task, labor, service, or sale of goods to someone in general (hereinafter referred to as "services").

Answer:  Admit

36.    The charges for the Services indicated on Exhibit "3A" are the regularly established charges of the Service Provider.

Answer:  Admit

37.    The Services were rendered directly to you.

Answer:  Admit

6

38.    the Services were rendered at your request.

     Answer:  Admit

39.    You benefited directly from the Services.

     Answer:  Admit

40.    The Services contributed to the health, safety or general welfare of yourself.

     Answer:  Admit

41.    The Service Provider performed the Services properly.

     Answer:  Admit

42.    You have no reason to dispute that the Service Provider performed the Services in accordance with industry standards.

     Answer:  Admit

43.    you have no reason to dispute that that Service Provider expected to be compensated for rendering the Services.

     Answer:  Admit

44.    The charges for the Services reflected on Exhibit "3A" are fair and reasonable.

     Answer:  Admit

45.    You have no reason to dispute that the charges for the Services reflected on Exhibit "3A" are consistent with industry standards for the are in which the Services were performed.

     Answer:  Admit

46.    The payments or credits deducted from the amount claimed for the Services that are reflected on Exhibit "3A," if any, are the only payments made to, or received by, the Service Provider for the Services.

Answer:  Admit

47.    The Plaintiff has received the no payments from you or anyone as compensation for the Services.

Answer:  Admit

## CODY REGIONAL HEALTH formerly WEST PARK HOSPITAL CLAIM 4

48.    You have no reason to dispute that the attached billing statement marked Exhibit "4B" accurately reflects the dates and times CODY REGIONAL HEALTH formerly WEST PARK HOSPITAL (hereinafter referred to as the "service Provider") expended time and/or costs to perform a task, labor, service, or sale of goods to someone in general (hereinafter referred to as "services").

Answer:  Admit

49.    The charges for the Services indicated on Exhibit "4B" are the regularly established charges of the Service Provider.

Answer:  Admit

50.    The Services were rendered directly to you.

Answer:  Admit

51.    The Services were rendered at your request.

Answer:  Admit

52.    You benefited directly from the Services.

Answer:   Admit

53.    The Services contributed to the health, safety or general welfare of yourself.

Answer:  Admit

54.    The Service Provider performed the Services properly.

Answer:  Admit

55.     You have no reason to dispute that the Service Provider performed the Services in accordance with industry standards.

Answer:  Admit

56.     you have no reason to dispute that that Service Provider expected to be compensated for rendering the Services.

Answer:  Admit

57.     The charges for the Services reflected on Exhibit "4B" are fair and reasonable.

Answer: Admit

58.     You have no reason to dispute that the charges for the Services reflected on Exhibit "4B" are consistent with industry standards for the are in which the Services were performed.

Answer:  Admit

59.     The payments or credits deducted from the amount claimed for the Services that are reflected on Exhibit "4B," if any, are the only payments made to, or received by, the Service Provider for the Services.

Answer:  Admit

60.     The Plaintiff has received the no payments from you or anyone as compensation for the Services.

Answer: Admit

61.     Before or at the time the services were rendered you agreed to the terms and conditions contained on the attached document marked Exhibit "4A".

Answer:  Admit

62.     You have no reason to doubt that the signature contained on Exhibit "4A" was affixed to the original document by your hand or the hand of your agent and represents an informed agreement between you and the Service Provider.

      Answer:  Admit

63.     You are contractually obligated to pay the Plaintiff's reasonable attorney fees accrued in this matter.

      Answer:  Deny

64.     You are obligated to pay the court costs and service of process fees incurred in this matter in addition to, and separately from, the principal balance due.

      Answer:  Deny

### CODY REGIONAL HEALTH formerly WEST PARK HOSPITAL CLAIM 5

65.     You have no reason to dispute that the attached billing statement marked Exhibit "5" accurately reflects the dates and times CODY REGIONAL HEALTH formerly WEST PARK HOSPITAL (hereinafter referred to as the "service Provider") expended time and/or costs to perform a task, labor, service, or sale of goods to someone in general (hereinafter referred to as "services").

      Answer:  Admit

66.     The charges for the Services indicated on Exhibit "5" are the regularly established charges of the Service Provider.

      Answer:  Admit

67.     The Services were rendered directly to you.

      Answer:  Admit

68.    The Services were rendered at your request.

      Answer:  Admit

69.    You benefited directly from the Services.

      Answer:  Admit

70.    The Services contributed to the health, safety or general welfare of yourself.

      Answer:  Admit

71.    The Service Provider performed the Services properly.

      Answer:  Admit

72.    You have no reason to dispute that the Service Provider performed the Services in accordance with industry standards.

      Answer:  Admit

73.    you have no reason to dispute that that Service Provider expected to be compensated for rendering the Services.

      Answer:  Admit

74.    The charges for the Services reflected on Exhibit "5" are fair and reasonable.

      Answer: Admit

75.    You have no reason to dispute that the charges for the Services reflected on Exhibit "5" are consistent with industry standards for the are in which the Services were performed.

      Answer:  Admit

76.    The payments or credits deducted from the amount claimed for the Services that are reflected on Exhibit "5," if any, are the only payments made to, or received by, the Service Provider for the Services.

Answer: Admit

77.     The Plaintiff has received the no payments from you or anyone as compensation for the Services.

Answer: Admit

DATED this 20th day of May, 2021.

Kaytlyn Wilson Martinez, Defendant

STATE OF WYOMING    )
                                       ) ss.
COUNTY OF Sheridan )

Before me, a Notary Public, appeared Kaytlyn Wilson Martinez, to me known to be the Defendant in the foregoing matter, and who on this 25 day of May, 2021, after being duly sworn, states that her Responses to Plaintiff's First Set of Requests for Admission Directed to her are true and correct to her best knowledge and belief at this time.

Notary Public

My commission expires:

SETH SHUMAKER - NOTARY PUBLIC
COUNTY OF SHERIDAN     STATE OF WYOMING
My Commission Expires March 8, 2022

Seth Shumaker, WSB 6-3818
2 N. Main, Ste. 103
Sheridan, WY 82801
307/675-1233
307/675-1235 (fax)
sheridanwyolaw@gmail.com
Attorney or Defendants and Counterclaimants

CERTIFICATE OF SERVICE

12

This is to certify that a true and correct copy of the foregoing document was this
**2.5** day of May, 2021, forwarded to the persons listed below in the manner indicated:

Bret Allred
Wilkerson & Wilkerson, LLC
210 N. Bent St.
Powell, WY 82435
Attorney for Plaintiff

(✓)    By U.S. Mail, Postage Prepaid
( )    By Facsimile Transmission
( )    By Overnight Courier
( )    By Hand Delivery
(✓)    By Email

Seth Shumaker

13

**IN THE CIRCUIT COURT OF THE FIFTH JUDICIAL DISTRICT WITHIN
AND FOR BIG HORN COUNTY, WYOMING**

| | |
|---|---|
| ROCKY MOUNTAIN RECOVERY SYSTEMS, INC., | ) CV-2020-0102 |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| KAYTLYN WILSON MARTINEZ and MATTHEW | ) |
| MARTINEZ, | ) |
| | ) |
| Defendant. | ) |
| | ) |
| KAYTLYN WILSON MARTINEZ and MATTHEW | ) |
| MARTINEZ, | ) |
| | ) |
| Counterclaimants, | ) |
| | ) |
| vs. | ) |
| | ) |
| ROCKY MOUNTAIN RECOVERY SYSTEMS INC., | ) |
| a Wyoming Corporation, | ) |
| | ) |
| Counterclaim Defendant. | ) |

**DEFENDANT'S RESPONSES TO PLAINTIFF'S FIRST SET OF REQUESTS
FOR ADMISSION DIRECTED TO MATTHEW MARTINEZ**

COME NOW the Defendant, Matthew Wilson Martinez, and for his Responses to

Plaintiff's First Set of Requests for Admission Directed to him, states:

1.      You have no reason to dispute that the attached billing statement marked Exhibit

"2B" accurately reflects the dates and times CODY REGIONAL HEALTH formerly

WEST PARK HOSPITAL (hereinafter referred to as the "service Provider") expended

time and/or costs to perform a task, labor, service or sale of goods to someone in general

(hereinafter referred to as "Services").

Answer:  Admit

1

2.      The charges for the Services indicated on Exhibit "2B" are the regularly established charges of the Service Provider.

      Answer:  Admit

3.      The Services were rendered directly to you and your minor child.

      Answer:  Deny.  Kaytlyn Wilson Martinez was not my spouse until October, 2019 and H.W., born in 2014 is not my biological child.  I do admit that my first biological child with Kaytlyn Wilson Martinez was born in 2016.

4.      The Services were rendered at your request.

      Answer:  Deny.  Kaytlyn Wilson Martinez was not my spouse until October, 2019 and H.W., born in 2014 is not my biological child.  I do admit that my first biological child with Kaytlyn Wilson Martinez was born in 2016.

5.      The Services contributed to the health, safety or general welfare of your immediate family.

      Answer:  Deny.  Kaytlyn Wilson Martinez was not my spouse until October, 2019 and H.W., born in 2014 is not my biological child.  I do admit that my first biological child with Kaytlyn Wilson Martinez was born in 2016.

6.      The Service Provider performed the Services properly.

      Answer:  Admit

7.      You have no reason to dispute that the Service Provider performed the Services in accordance with industry standards

      Answer:  Admit

8.      You have no reason to dispute that the Service Provider expected to be compensated for rendering the Services.

Answer: Admit

9.      The charges for the Services reflected on Exhibit "2B" are fair and reasonable.

Answer: Admit

10.     You have no reason to dispute that the charges for the Services reflected on Exhibit "2B" are consistent with industry standards for the area in which the Services were performed.

Answer: Admit

11.     The payment or credits deducted from the amount claimed for the Services that are reflected on Exhibit "2B," if any, are the only payments made to, or received by, the Service Provider for the Services.

Answer: Admit

12.     The Plaintiff has received the no payments from you or anyone as compensation for the Services.

Answer: Admit

DATED this 20th day of May, 2021.


_____
Matthew Martinez, Defendant


STATE OF WYOMING        )
                        ) ss.
COUNTY OF Sheridan      )


Before me, a Notary Public, appeared Matthew Martinez, to me known to be the Defendant in the foregoing matter, and who on this 25 day of May, 2021, after being duly sworn, states that his Responses to Plaintiff's First Set of Requests for Admission Directed to him are true and correct to her best knowledge and belief at this time.

Notary Public _____

My commission expires:



SETH SHUMAKER - NOTARY PUBLIC
COUNTY OF        STATE OF
SHERIDAN        WYOMING
My Commission Expires March 8, 2022

Seth Shumaker, WSB 6-3818 _____
2 N. Main, Ste. 103
Sheridan, WY 82801
307/675-1233
307/675-1235 (fax)
sheridanwyolaw@gmail.com
Attorney or Defendants and Counterclaimants

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing document was this **25** day of May, 2021, forwarded to the persons listed below in the manner indicated:

Bret Allred                         ( )  By U.S. Mail, Postage Prepaid
Wilkerson & Wilkerson, LLC          ( )  By Facsimile Transmission
210 N. Bent St.                     ( )  By Overnight Courier
Powell, WY 82435                    ( )  By Hand Delivery
Attorney for Plaintiff              ( )  By Email

Seth Shumaker _____

4

# IN THE CIRCUIT COURT OF THE FIFTH JUDICIAL DISTRICT WITHIN AND FOR BIG HORN COUNTY, WYOMING

ROCKY MOUNTAIN RECOVERY SYSTEMS, INC., ) CV-2020-0102
 )
   Plaintiff, )
 )
vs. )
 )
KAYTLYN WILSON MARTINEZ and MATTHEW )
MARTINEZ, )
 )
   Defendant. )
 )
KAYTLYN WILSON MARTINEZ and MATTHEW )
MARTINEZ, )
 )
   Counterclaimants, )
 )
vs. )
 )
ROCKY MOUNTAIN RECOVERY SYSTEMS INC., )
a Wyoming Corporation, )
 )
   Counterclaim Defendant. )

## DEFENDANT'S ANSWERS TO PLAINTIFF'S FIRST SET OF INTERROGATORIES TO KAYTLYN WILSON MARTINEZ

  COME NOW the Defendant, Kaytlyn Wilson Martinez, and for her Answers to Plaintiff's First Set of Interrogatories Directed to her, states:

1. If you believe you should not be liable altogether for Plaintiff's claim indicate in detail any facts that you believe shield you from such liability.

  ANSWER: Objection, question calls for a legal conclusion which Defendant is not qualified to give as she is not an attorney. Subject to that objection and without waiving the same, the Defendant states that the following are reasons why she is not liable to the Plaintiff in this action.

1

1.      Plaintiff is not the real party in interest for the accounts being sued upon.

2.      Plaintiff did not pay any valid consideration for the account upon which it has initiated suit against this Defendant in this matter.

3.      The Plaintiff is an "assignee" in name only and does not own the accounts upon which it has initiated suit in this matter.

4.      See also Defendant's Answer and Counterclaims against the Plaintiff's Amended Complaint in this matter which is incorporated by this reference.

Further, I do not believe that I should be responsible for all of the claims listed against me as I am not the only biological parent responsible for the cost of medical debts for the child, H.W., born in 2014. I was covered by my father (Shane Wilson's) insurance in 2014. My husband at the time (Kevin Twomey) did not cover me or my child on his insurance during our marriage from 2014-2019. H.W.'s biological father is William Paul Henton Jr. and he is responsible for her medical expenses after his insurance is billed per our custody agreement.


2.      If you believe  you should be liable for only a portion of Plaintiff's claim identify the portions of the claim you agree to pay and detail any facts that you believe shield you from liability for the other disputed portions of the claim.

ANSWER:     Defendant hereby incorporates her objection and answer to Interrogatory No. 1 by this reference. Further, I believe that William Paul Henton is responsible to pay for all of the amounts pertaining to the birth of H.W., born in 2014.

3.      Describe in detail how the services or sale of goods which are the subject of

Plaintiff's claim (hereinafter referred to as "Services") benefited you, your spouse and/or

your minor children.

ANSWER:    Defendant hereby incorporates her objection and answer to

Interrogatory No. 1 by this reference.  Defendant further objects that the question is

irrelevant, immaterial and is not reasonably calculated to lead to admissible evidence as

the service provider, who is the real party in interest in this matter, is not a party to this

action.

4.      Describe in detail any mistakes you believe the service provider who assigned its

claim for Services to the Plaintiff (hereinafter referred to as "service Provider") made in

rendering the services and identify where you received this information.

ANSWER:    Defendant hereby incorporates her objections and answers to

Interrogatory No 1 and Interrogatory No. 3 by this reference.  Without waiving her

objections and subject to the same, Defendant further states that she has no complaints

against the Service Provider.

5.      Identify and name, work title, age, height, weight, hair color, hair style, the

ethnicity, body type and gender or anyone working for the Service Provider or the

Plaintiff who made any statements upon which you relied upon before, during or after the

Services, the exact works used in the statement, how the statement was communicated

(Ex. in person, telephone, letter, etc.), when the statement was made (time and date), and

where the statement was made.

ANSWER:    Defendant objects to the form of this question, to its vagueness as

it does not describe what statement to which the Plaintiff is referring to.  The Defendant

3

simply cannot answer this interrogatory as it is presented as Defendant does not know what the Plaintiff is asking here.

6. If you believe someone other than yourself should pay for the Services please state that person's name, address, telephone number and an explanation why that person is responsible to pay for the Services.

ANSWER: William Paul Henton Jr. is the biological father of H.W., born in 2014. His address is 307 Kansas Avenue, Lovell, WY 82431. His phone number is 757/513-2564.

DATED this 20th day of May, 2021.

Kaytlyn Wilson Martinez, Defendant

STATE OF WYOMING        )
                        ) ss.
COUNTY OF Sheridan      )

Before me, a Notary Public, appeared Kaytlyn Wilson Martinez, to me known to be the Defendant in the foregoing matter, and who on this 25 day of May, 2021, after being duly sworn, states that her Answers to Plaintiff's First Set of Interrogatories Directed to her are true and correct to her best knowledge and belief at this time.

Notary Public

My commission expires:

SETH SHUMAKER - NOTARY PUBLIC
COUNTY OF SHERIDAN    STATE OF WYOMING
My Commission Expires March 8, 2022

Seth Shumaker, WSB 6-3818
2 N. Main, Ste. 103
Sheridan, WY 82801

4

3.    Describe in detail how the services or sale of goods which are the subject of Plaintiff's claim (hereinafter referred to as "Services") benefited you, your spouse and/or your minor children.

ANSWER:    Defendant hereby incorporates her objection and answer to Interrogatory No. 1 by this reference. Defendant further objects that the question is irrelevant, immaterial and is not reasonably calculated to lead to admissible evidence as the service provider, who is the real party in interest in this matter, is not a party to this action.

4.    Describe in detail any mistakes you believe the service provider who assigned its claim for Services to the Plaintiff (hereinafter referred to as "service Provider") made in rendering the services and identify where you received this information.

ANSWER:    Defendant hereby incorporates her objections and answers to Interrogatory No 1 and Interrogatory No. 3 by this reference. Without waiving her objections and subject to the same, Defendant further states that she has no complaints against the Service Provider.

5.    Identify and name, work title, age, height, weight, hair color, hair style, the ethnicity, body type and gender or anyone working for the Service Provider or the Plaintiff who made any statements upon which you relied upon before, during or after the Services, the exact works used in the statement, how the statement was communicated (Ex. in person, telephone, letter, etc.), when the statement was made (time and date), and where the statement was made.

ANSWER:    Defendant objects to the form of this question, to its vagueness as it does not describe what statement to which the Plaintiff is referring to. The Defendant

3

**IN THE CIRCUIT COURT OF THE FIFTH JUDICIAL DISTRICT WITHIN
AND FOR BIG HORN COUNTY, WYOMING**

ROCKY MOUNTAIN RECOVERY SYSTEMS, INC., )   CV-2020-0102
              )
     Plaintiff,       )
              )
vs.               )
              )
KAYTLYN WILSON MARTINEZ and MATTHEW )
MARTINEZ,           )
              )
     Defendant.      )
              )
KAYTLYN WILSON MARTINEZ and MATTHEW )
MARTINEZ,           )
              )
     Counterclaimants,    )
              )
vs.               )
              )
ROCKY MOUNTAIN RECOVERY SYSTEMS INC., )
a Wyoming Corporation,       )
              )
     Counterclaim Defendant.  )

**DEFENDANT'S ANSWERS TO PLAINTIFF'S FIRST SET OF
INTERROGATORIES TO MATTHEW MARTINEZ**

   COME NOW the Defendant, Matthew Martinez, and for his Answers to Plaintiff's

First Set of Interrogatories Directed to him, states:

1.  If you believe you should not be liable altogether for Plaintiff's claim indicate in

detail any facts that you believe shield you from such liability.

   ANSWER:  Objection, question calls for a legal conclusion which Defendant is

not qualified to give as she is not an attorney.  Subject to that objection and without

waiving the same, the Defendant states that the following are reasons why he is not liable

to the Plaintiff in this action.

1

1.      Plaintiff is not the real party in interest for the accounts being sued upon.

2.      Plaintiff did not pay any valid consideration for the account upon which it has initiated suit against this Defendant in this matter.

3.      The Plaintiff is an "assignee" in name only and does not own the accounts upon which it has initiated suit in this matter.

4.      See also Defendant's Answer and Counterclaims against the Plaintiff's Amended Complaint in this matter which is incorporated by this reference.

Further, I do not believe that I should be responsible for all of the claims listed against me as I am not the biological parent responsible for the cost of medical debts for the child, H.W., born in 2014.  William Paul Henton Jr. is the biological father of H.W.


2.      If you believe  you should be liable for only a portion of Plaintiff's claim identify the portions of the claim you agree to pay and detail any facts that you believe shield you from liability for the other disputed portions of the claim.

ANSWER:     Defendant hereby incorporates his objection and answer to Interrogatory No. 1 by this reference.  Further, I believe that William Paul Henton Jr. is responsible to pay for all of the amounts pertaining to the birth of H.W., born in 2014.

3.      Describe in detail how the services or sale of goods which are the subject of Plaintiff's claim (hereinafter referred to as "Services") benefited you, your spouse and/or your minor children.

ANSWER:     Defendant hereby incorporates his objection and answer to Interrogatory No. 1 by this reference.  Defendant further objects that the question is irrelevant, immaterial and is not reasonably calculated to lead to admissible evidence as

the service provider, who is the real party in interest in this matter, is not a party to this action.

4.      Describe in detail any mistakes you believe the service provider who assigned its claim for Services to the Plaintiff (hereinafter referred to as "service Provider") made in rendering the services and identify where you received this information.

ANSWER:     Defendant hereby incorporates his objections and answers to Interrogatory No 1 and Interrogatory No. 3 by this reference.  Without waiving those objections and subject to the same, Defendant further states that he has no complaints against the Service Provider.

5.      Identify and name, work title, age, height, weight, hair color, hair style, the ethnicity, body type and gender or anyone working for the Service Provider or the Plaintiff who made any statements upon which you relied upon before, during or after the Services, the exact works used in the statement, how the statement was communicated (Ex. in person, telephone, letter, etc.), when the statement was made (time and date), and where the statement was made.

ANSWER:     Defendant objects to the form of this question, to its vagueness as it does not describe what statement to which the Plaintiff is referring to.  The Defendant simply cannot answer this interrogatory as it is presented as Defendant does not know what the Plaintiff is asking here.

6.      If you believe someone other than yourself should pay for the Services please state that person's name, address, telephone number and an explanation why that person is responsible to pay for the Services.

ANSWER: William Paul Henton Jr. is the biological father of H.W., born in 2014. His address is 307 Kansas Avenue, Lovell, WY 82431. His phone number is 757/513-2564.

DATED this 20th day of May, 2021.


_____
Matthew Martinez, Defendant

STATE OF WYOMING )
                 ) ss.
COUNTY OF Sheridan )

Before me, a Notary Public, appeared Matthew Martinez, to me known to be the Defendant in the foregoing matter, and who on this **25** day of May, 2021, after being duly sworn, states that his Answers to Plaintiff's First Set of Interrogatories Directed to him are true and correct to her best knowledge and belief at this time.


_____
Notary Public

My commission expires:

SETH SHUMAKER - NOTARY PUBLIC
COUNTY OF SHERIDAN    STATE OF WYOMING
My Commission Expires March 8, 2022


_____
Seth Shumaker, WSB 6-3818
2 N. Main, Ste. 103
Sheridan, WY 82801
307/675-1233
307/675-1235 (fax)
sheridanwyolaw@gmail.com
Attorney or Defendants and Counterclaimants

4

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing document was this
**25** day of May, 2021, forwarded to the persons listed below in the manner indicated:

Bret Allred                              ( 4)   By U.S. Mail, Postage Prepaid
Wilkerson & Wilkerson, LLC               (  )   By Facsimile Transmission
210 N. Bent St.                          (  )   By Overnight Courier
Powell, WY 82435                         (  )   By Hand Delivery
Attorney for Plaintiff                   ( 4)   By Email

Seth Shumaker